UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICHARD JAMES, #113455**                              **CIVIL ACTION**

**VERSUS**                                              **NO. 05-305**

**BURL CAIN, WARDEN**                                   **SECTION "C"**

## ORDER AND REASONS

Before this Court is a petition for habeas corpus relief by Richard James ("Petitioner"), pursuant to 28 U.S.C. § 2254. As grounds for relief, Petitioner claims that his second degree murder indictment was defective because it failed to charge every element of the crime, and that the trial court lacked the requisite jurisdiction to entertain the prosecution under an invalid and defective bill of indictment.

Upon review of the record, this Court has determined that Petitioner's habeas corpus petition is not timely under the statute of limitations imposed by 28 U.S.C. § 2254(d). For the reasons set forth below, this petition is DENIED.

**I. Procedural History**

Petitioner, Richard James, is a state court prisoner who is incarcerated at the Louisiana Department of Corrections in Angola, LA.[1] Mr. James pled guilty to second degree murder and

---

[1] State Rec. at 1, Vol. 1 of 4, Indictment.

was sentenced to life imprisonment on May 30, 1986.[2] In return for his plea, charges of armed robbery and first degree murder were dropped.[3] Petitioner filed no direct appeal of his sentence. Petitioner's conviction became final on June 29, 1986, pursuant to La. C. Cr. Proc. art. 914.

In August 1990, Mr. James filed a Motion to Withdraw Guilty Plea and Set Aside The Sentence, stating that his counsel had wrongly induced him to plead guilty.[4] The trial court denied the Motion at a hearing held on March 15, 1991.[5] On July 20, 1994, Mr. James filed a Motion to Correct an Illegal Sentence, to Reconsider the Sentence, and Motion and Order For Appeal, arguing that the trial court lacked jurisdiction due to defects in the indictment.[6] The trial court denied all of Mr. James's motions on July 21, 1994, as being "without merit, untimely," and "failing to follow proper procedure."[7]

On February 26, 2001, Mr. James filed a state application for post-conviction relief,[8] arguing six errors, and specifically, that the trial court lacked jurisdiction due to an improper indictment. The trial court denied the application as untimely in accordance with La. C.Cr. P. art.

---

[2] State Rec. at 194, 205, Vol. 1 of 4, Transcript of Boykinization (May 30, 1986).

[3] State Rec. at 200-201, Vol. 1 of 4, Transcript of Boykinization (May 30, 1986).

[4] State Rec. at 692, Vol. 2 of 4, Motion to Withdraw Guilty Plea and Set Aside the Sentence (Jan. 8, 1990).

[5] State Rec. at 1089, Vol. 3 of 4, Minute Entry of March 15, 1991 Proceedings.

[6] State Rec. at 811, Vol. 2 of 4, Motion to Correct an Illegal Sentence; Motion to Reconsider Sentence; and Motion and Order for Appeal (July 20, 1994).

[7] State Rec. at 884-885, Vol. 3 of 4, Order (July 21, 1994).

[8] State Rec. at 964, Vol. 3 of 4, Uniform Application for Post-Conviction Relief (; State Rec. at 963, Vol. 3 of 4, Order Regarding Post Conviction Relief Application (Feb. 28, 2001) (stating that Mr. James filed an application on February 26, 2001).

930.8, which requires a state habeas petitioner to file his application within two years of the date that his conviction and/or sentence become final.[9] The court also stated that the "amended indictment clearly identified the offense charged and met all due process requirements."[10] The Louisiana First Circuit Court of Appeal denied Mr. James's appeal on November 4, 2002, citing La. C.Cr. P. art. 930.8.[11] The Louisiana Supreme Court denied Mr. James's appeal on March 29, 2004, also citing La. C.Cr. P. art. 930.8.[12]

Subsequently, Petitioner filed this federal application for habeas corpus on January 20, 2005.[13]

**II. Timeliness**

Based on a review of the record, the Court finds that Petitioner's application is not timely. Generally speaking, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a Petitioner bring his Section 2254 claims within one year of the date on which his conviction or sentence became final. 28 U.S.C. § 2244(d). Pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner's one-year limitation period for seeking federal habeas corpus relief commenced running from the date on which that judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file a direct appeal of his conviction and sentence within the time afforded by state law, his

---

[9] State Rec. at 1042, Vol. 3 of 4, Order (Sept. 28, 2001).

[10] State Rec. at 1048, Vol. 3 of 4, Order.

[11] State Rec. at 1055, Vol. 3 of 4, Writ Denied (Nov. 4, 2002).

[12] State Rec. at 1056, Vol. 3 of 4, Denied (Mar. 29, 2004).

[13] Fed. Rec. Doc. 1 (filed Jan. 20, 2005 in the M.D. La., transferred Jan. 28, 2005 to E.D. La.)

conviction and sentence became final no later than June 29, 1986.[14]

However, Petitioner's conviction and sentence became final before the enactment of AEDPA on April 24, 1996. Therefore he had one year from the enactment of the AEDPA, or until April 24, 1997, to file a federal habeas petition. *Flanagan v. Johnson*, 154 F.3d 196, 201-202 (5th Cir. 1998).

After the state trial court denied Mr. James's first set of Motions on July 21, 1994, Mr. James did not file any state proceedings until February 26, 2001. At this point, if Mr. James had filed a federal habeas petition, it would have been 1039 days, or almost three years, past the time the statute of limitations was expired. However, Mr. James did not file his federal habeas petition until January 20, 2005, which is 297 days after his state post-conviction application was denied by the Louisiana Supreme Court on March 29, 2004. All in all, including any tolling for the time in which his state application for post-conviction relief was pending, *Fields v. Johnson*, 159 F.3d 914 (5th Cir.1998), his federal habeas application was filed 1336 days, or three-and-a-half years, past the time the statute of limitations expired.

AEDPA's one-year statute of limitations may also be equitably tolled to preserve a petitioner's claim where strict application of the statute of limitations would prove inequitable. *See Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). The United States Court of Appeals for the Fifth Circuit has joined other federal circuit courts of appeals in holding that the one-year limitation period of the AEDPA is a statute of limitations, not a jurisdictional bar, and, as such, is subject to equitable tolling. *Davis*, 158 F.3d at 811. The

---

[14]*See State v. Counterman,* 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal).

doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of the action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The Court "must examine each case on its facts to determine whether it presents sufficient 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis*, 158 F.3d at 811).

The Court has carefully reviewed the record and the timing of the filings and writ applications made by Petitioner to determine whether the one year statute of limitations could be equitably tolled such that Petitioner's federal petition is rendered timely. After a thorough review of the record, this Court determines that Petitioner is not eligible for equitable tolling.

Mr. James filed a motion in state court on July 20, 1994 arguing that the trial court lacked jurisdiction due to defects in the indictment. This motion was denied on July 21, 1994. In his motion, Mr. James raised the same arguments that he raises in his federal habeas petition. Petitioner has provided no reason why he could not have applied for federal habeas relief prior to April 24, 1997, when the statute of limitations expired.

Mr. James habeas petition was filed 1633 days after the statute of limitations started to run, or over four times the allowable time under AEDPA's limitations period. The Court therefore will not apply the extraordinary remedy of equitable tolling in this case because there has been no showing of any state interference with Petitioner's rights to timely proceed with the many remedies available to him in the state and federal courts.

For the reasons stated above, the Court finds that Mr. James's petition for a writ of

habeas corpus filed pursuant to 28 U.S.C. § 2254 is not timely.[15]

**III. Conclusion**

Having considered the complaint, the record, and the applicable law, it is determined that Petitioner has not established that his state conviction and sentence present grounds for the relief requested. Accordingly, IT IS ORDERED that the petition of RICHARD JAMES for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

New Orleans, Louisiana this 19th day of April, 2006.

HELEN G. BERRIGAN
U.S. DISTRICT JUDGE

---

[15] The Court also notes that even if Mr. James's petition was timely, it would still be denied on the merits. Defects in an indictment do not deprive a district court of jurisdiction. *United States v. Longoria*, 298 F.3d 367, 372 (5 Cir. 2002); *United States v. Cotton,* 535U.S. 625, 630 (2002). The Court must evaluate whether an error in the indictment "seriously affect[ed] the integrity, fairness, or public reputation of judicial proceedings." *Longoria*, 298 F.3d at 374 (*citing Cotton*, 535 U.S. at 632). Even assuming there was an error in the amended indictment, the Court does not find that it affected the integrity or fairness of the proceeding in which Mr. James pled guilty or that it prejudiced Mr. James. Based on a review of the record, the Court finds that the plea was voluntary and intelligent. The state trial court carefully reviewed not just the rights Petitioner was waiving in pleading guilty, but the sentence he would face in pleading guilty. Mr. James understood these rights and his sentence. (State Rec. at 195-204, Vol. 1 of 4, Transcript of Boykinization (May 30, 1986).) Moreover, if Mr. James had not pled guilty, he would have faced charges of first degree murder and armed robbery, and could have received the death penalty. (State Rec. at 200-201, 203-204, Vol. 1 of 4, Transcript of Boykinization (May 30, 1986).) Petitioner has presented no evidence showing that he was not fully advised of his rights and the ramifications of his plea of guilty, nor has he shown how he was prejudiced by any possible defect in the indictment. Therefore, the Court would deny his petition on the merits.